IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA :
:
v. : Crim. No. CCB-06-0212
: Civil No. CCB-16-1858
THOMAS WALKER :

...oOo...

## MEMORANDUM

Now pending is Thomas Walker's motion to vacate his sentence under 28 U.S.C. § 2255, as corrected and as supplemented following the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019), and the Fourth Circuit's decision in *U.S. v. Simms*, 914 F.3d 229, 233–34 (4th Cir. 2019) (*en banc*). (ECF Nos. 50, 51, and 53). The government has responded, and Walker has replied. (ECF Nos. 57 and 58).

On May 11, 2006 Walker was charged in a multi-count indictment with Hobbs Act conspiracy (Count One); conspiracy to commit a carjacking (Count Two); Hobbs Act robbery (Count Three)[1]; carjacking (Count Four); felon in possession of a firearm (Count Five); possession of a firearm in furtherance of a crime of violence (Count Six), based on Counts One and Three; and possession of a firearm in furtherance of a crime of violence (Count Eight), based on Counts Two and Four. (Indictment, ECF No. 53-2).[2]

On August 16, 2007, Walker pled guilty to Counts Three and Six of the indictment. It is clear from the plea agreement, which included stipulated facts and was signed by Walker, that he admitted his guilt to the Hobbs Act robbery charged in Count Three and that his plea to Count Six was based on the Hobbs Act robbery charged in that Count: "The parties stipulate and agree

---

[1] Count Three was based on a robbery of a clothing store called "Top of the Line," in Baltimore, Maryland, on December 8, 2005.
[2] Counts Seven and Nine named his co-defendant only.

that the firearm was possessed by Walker in furtherance of the crime of violence outlined in Count Three." (Plea Agreement at 5, ECF No. 53-3). While a conspiracy to commit Hobbs Act robbery no longer qualifies as a crime of violence under 18 U.S.C. § 924(c), *see Davis*, 139 S. Ct. at 2336, Hobbs Act robbery itself remains a crime of violence under the Force Clause, *see United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019).

Walker's argument relies on the "categorical approach," but that applies to the question of whether a particular offense qualifies as a "crime of violence." The question here is a factual one: To which predicate offense did Walker plead guilty? The record establishes that he pled guilty to Hobbs Act robbery as the predicate offense for his guilty plea on Count Six. While Count Six, as charged, rested on both conspiracy and a substantive charge, the stipulated facts in the guilty plea make it clear there was a valid and independent basis for the § 924(c) conviction. It did not rest on the conspiracy charge alone. *See In re Navarro*, 931 F.3d 1298, 1302–04 (11th Cir. 2019); *Adams v. United States*, No. CR DKC 12-0300, 2019 WL 4735407, at *2–3 (D. Md. Sept. 27, 2019).

Accordingly, Walker is not entitled to relief, and the motion to vacate will be denied. A separate Order follows.

1/17/20
Date

/S/
Catherine C. Blake
United States District Judge